IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODERICK V. BURTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 19-cv-875-SMY |
| ) | |
| ) | |
| T. G. WERLICH, ) | |
| ) | |
| Respondent. ) | |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Petitioner Roderick V. Burton, an inmate of the United States Bureau of Prisons ("BOP") currently incarcerated at Greenville Federal Correctional Institution ("Greenville FCI"), brings this *habeas corpus* action pursuant to 28 U.S.C. § 2241 to challenge the validity of his conviction. (Doc. 1). This matter is now before the Court for review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives the Court the authority to apply the Rules to other habeas corpus cases.

Burton was convicted of five counts of bank robbery by force or violence in violation of 18 U.S.C. § 2113(a) on August 29, 2017. *United States v. Burton*, Case No. 15-cr-312-1 (N.D. Il. 2017). He was sentenced to 120 months of imprisonment and 3 years of supervised release. (*See* Doc. 175, Criminal Case). Burton appealed his conviction to the Seventh Circuit Court of Appeals

which affirmed both his conviction and sentence. *United States v. Burton*, 18-1590 (7th Cir. August 16, 2018). A writ of certiorari was subsequently denied on February 19, 2019. Burton has never filed a Motion to Vacate and/or Correct under 28 U.S.C. § 2255. (Doc. 1, p. 4)

In the Petition, Burton challenges his conviction and sentence from the Northern District of Illinois. Specifically, he challenges whether the District Court had subject matter jurisdiction to try him for bank robbery. (Doc. 1, pp. 5-7). Burton's Petition is extremely convoluted but seems to argue that his case fell outside the jurisdictional power of the courts as set forth in Article III, §2 of the Constitution. (*Id.*, pp. 4-6). In particular, he asserts that a district court "does not receive any jurisdictional power from Article III's jurisdiction of law and equity. It receives its authority from statutes created by legislation of Congress. There has not been a law or common law offense against the United States in over a century." (*Id.*, p. 4). Burton raised this argument in trial and during his direct appeal which was dismissed. See *United States v. Burton,* 18-1590, Doc. 20.

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. See *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). Under very limited circumstances, he or she may employ 28 U.S.C. § 2241 to challenge his conviction and sentence. Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." "A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

In order to trigger the savings clause, a petitioner must meet three conditions: (1) he must show that he relies on a new statutory interpretation case rather than a constitutional case; (2) he must show that he relies on a decision that he could not have invoked in a prior § 2255 motion and that applies retroactively; and (3) he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012). "[T]here must be some kind of structural problem with [S]ection 2255 before [S]ection 2241 becomes available. In other words, something more than a lack of success with a [S]ection 2255 motion must exist before the savings clause is satisfied." *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

Burton fails to demonstrate how a § 2255 proceeding would be "inadequate and ineffective" other than the fact his argument has been rejected in both the trial court and on appeal. He does not rely on any new case. Nor is there any fundamental defect in his conviction; 8 U.S.C. § 3231 confers subject-matter jurisdiction in district courts for "all offenses against the laws of the United States." The charges against Burton were for violations of 18 U.S.C. § 2113(a) and Congress has the Constitutional authority to enact such laws. *United States v. Comstock*, 560 U.S. 126, 135–36 (2010). Simply put, the constitutionality of the bank robbery statute has been confirmed. *United States v. Watts*, 256 F.3d 630, 633 (7th Cir. 2001) – there is nothing left to litigate.

## Disposition

For the foregoing reasons, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED with prejudice** and all pending motions are **TERMINATED as MOOT**.

Additionally, Petitioner is **WARNED** that he may be subject to sanctions for further frivolous or duplicative filings in this District, consistent with *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997).

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within the time allotted in Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* should set forth the issues Petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the appeal deadline. It is not necessary for Petitioner to obtain a certificate of appealability in an appeal from this petition brought under Section 2241. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 16, 2020**

*/s/ Staci M. Yandle*
**United States District Judge**